UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEE RHUDY,<br><br>Plaintiff,<br><br>v.<br><br>RAUL MELENDEZ, Correctional Officer, IMPERIAL COUNTY JAIL,<br><br>Defendants. | Case No.: 16CV3026 JAH (BGS)<br><br>**REPORT AND RECOMMENDATION TO:<br>(1) GRANT DEFENDANTS' MOTION TO DISMISS and<br>(2) GRANT PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[ECF 12] |

Plaintiff Michael Lee Rhudy, a prisoner proceeding *pro se* has filed a Complaint, brought under 42 U.S.C. § 1983, alleging a violation of the Eighth Amendment based on being fed a "brick" diet while in custody. (Compl. at 3.) Defendants Correctional Officer Raul Melendez ("Melendez") and Imperial County Jail (collectively "Defendants") have filed a Motion to Dismiss Plaintiff's Complaint. (Mot. to Dismiss ("Mot.") [ECF 12].) Defendants argue the Complaint should be dismissed for a variety of reasons addressed below. (Mot. at 4-9.) Plaintiff has filed an Opposition to the Motion. (Pl.'s Mot. to Go Forward with Civil Rights Lawsuit ("Opp'n") [ECF No. 15].)

Defendants have filed a Reply. (ECF No. 16.) The Motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation. For the reasons set forth below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff be **GRANTED** leave to file an Amended Complaint.

# BACKGROUND[1]

Plaintiff alleges that while he was in administrative segregation, he "went to a hearing for being out of [his] cell, [he] refused, and asked to go back to [his] cell. (Compl. at 3.) On the way back to his cell, Plaintiff alleges Melendez said Plaintiff was going to have a "real bad week." (*Id.*) The next morning, Plaintiff alleges he was served "the brick diet" for 9 days." Melendez then allegedly "came by [Plaintiff's] cell, . . . asked [him] how he was doing, smiled at [him], and said only 8 more days to go." (*Id.*) Plaintiff alleges he lost twelve pounds in the nine days he was receiving the "brick" twice a day without lunch. (*Id.*) Plaintiff additionally alleges Melendez "went out of his way to make by life real bad while [he] was in the Imperial County Jail." (*Id.*)

# DISCUSSION

## I. Motion to Dismiss

### A. Standard for Motion to Dismiss under Rule 12(b)(6)

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). "A dismissal under [R]ule 12(b)(6) 'may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (quoting *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008)).

Under Rule 8(a)(2), the complaint need only provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Although "the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon

---

[1] The following summary is drawn from the allegations stated in Plaintiff's Complaint and is not to be construed as findings of fact by the Court.

which it rests," it "must, at a minimum, plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must view the factual allegations of the complaint "in the light most favorable to [the plaintiff], accepting all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them." *Johnson*, 534 F.3d at 1123 (citing *Broam v Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)). Additionally, because Plaintiff "is an inmate . . . proceed[ing] pro se, his complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (explaining that courts should "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."). Particularly in civil rights case, the court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Id.* (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). "However, a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (citing *Pena v Gardner*, 976 F.2d 469, 471 (9th Cir 1992)).

The Court's review on a motion to dismiss under Rule 12(b)(6) is generally limited to the allegations of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). "[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)). "Facts raised for the first time in

plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam*, 320 F.3d at 1026 n.2 (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001)). Here, Plaintiff has asserted additional allegations in his Opposition to the Motion to Dismiss. (Opp'n at 1-2.) The Court has not considered those allegations in evaluating the sufficiency of the Complaint under Rule 12(b)(6), but does consider them for purposes of leave to amend.

### B. 42 U.S.C § 1983

"To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Dismissal pursuant to Rule 12(b)(6) "is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (citing *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000), *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991), and *Iqbal*, 556 U.S. at 678). Here, Plaintiff claims that Defendants violated the Eighth Amendment by putting Plaintiff on a "brick diet" for 9 days.

"The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to 'provide humane conditions of confinement.'" *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* (quoting *Farmer*, 511 U.S. at 832).

An Eighth Amendment claim based on conditions of confinement, like that asserted here, "requires a two-part showing." *Id.*; *see also Farmer*, 511 U.S. at 832-35 (discussing conditions of confinement and two requirements for an Eighth Amendment claim). "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of 'the minimal civilized measure of

life's necessities." *Farmer*, 511 U.S. at 834. Second, "[t]he inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster*, 554 F3d at 812 (citing *Farmer*, 511 U.S. at 834).

### 1. Objective Prong

Denial of food can be a sufficiently serious deprivation because food is one of life's basic necessities." *Id.* at 812-13 (citing *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996)). "[S]ustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Id.* at 814 (citing *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2nd Cir. 2002)). However, the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F3d 1444, 1456 (9th Cir. 1993) (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977)). "The fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id.* (quoting *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)).

The Complaint does not allege Plaintiff was denied food entirely, but rather he was fed a "brick diet" twice a day for 9 days. (Compl. at 3.) Defendants assert that California law authorizes providing prisoners a "Disciplinary Isolation Diet," a loaf, served only two times per day as a substitute for the standard three meals per day. (Mot. at 3 (citing Cal. Code Regs. tit. 15, § 1247).[2]) Defendants also argue the Complaint is insufficient

---

[2] The Court grants Defendants Request for Judicial Notice of California Code of Regulations, title 15, section 1247, but only for the proposition that the California Code of Regulations authorizes a disciplinary diet, a "Disciplinary Separation Diet," that is provided two times a day as a substitute for three meals per day. At this stage in the proceedings, whether the diet described in the regulations was actually provided to Plaintiff or the nutritional makeup of the diet he was served is not before the Court because it was not pled in the Complaint. However, the regulations specify exactly what the "disciplinary diet loaf" must consist of and how it must be served. Cal. Code Regs. tit. 15, § 1247(a) ("Such diet shall be served twice in each 24 hour period and shall

because it does not "allege that the diet was nutritionally inadequate, or posed a health risk, or that he suffered any physical harm from it." (Mot. at 8.) However, Plaintiff does allege he lost 12 pounds during the nine-day period he was on the diet. (Compl. at 3.)

One of the challenges with Plaintiff's Complaint is that it is unclear whether Plaintiff is alleging that he suffered a serious deprivation because he received only two meals as opposed to three or that the two meals he was provided were themselves somehow lacking.[3] The allegations of "no food for 9 days the worst of my life," in conjunction with the allegation he was served the "brick twice a day for 9 days" suggests to the Court that he may have chosen not to consume the food provided because there was something wrong with it. But for purposes of the objective analysis, it matters what was wrong with it. In *LeMaire v. Maass*, the Ninth Circuit explained that food served to prisoners "need not be tasty or aesthetically pleasing;" it need only be "adequate to maintain health." 12 F.3d at 1456 (finding objective component was not satisfied). If Plaintiff chose not to consume a nutritionally adequate diet because it was not aesthetically pleasing, then that is not a serious deprivation, at least not when provided for this short period of time. However, if the diet was nutritionally insufficient or in some other way inadequate to maintain health, then Plaintiff may have suffered a serious deprivation.

While Plaintiff does allege weight loss during the nine days he was on the diet, the Court cannot infer solely from that allegation, particularly without any allegations as to the food or whether Plaintiff consumed it, that Plaintiff suffered a serious deprivation.

---

consist of one-half of the loaf (or a minimum of 19 oz. cooked loaf) described below or other equally nutritious diet, along with two slices of whole wheat bread and at least one quart of drinking water if the cell does not have a water supply"); *see also* Cal. Code Regs. tit. 15, § 1247(b) (recipe for the disciplinary diet loaf).

[3] As discussed below, Plaintiff sets forth new allegations in his Opposition, including that he could not keep the food down. This might suggest it was not provision of two meals, rather than three, that resulted in his weight loss.

6

The Court is not requiring Plaintiff to allege the particular nutritional makeup of the diet, but he needs to at least allege whether he ate the food provided or if he did not, why he did not.

### 2. Subjective Prong

"To establish a prison official's deliberate indifference, an inmate must show that the official was aware of the risk to the inmate's health or safety and that the official deliberately disregarded the risk." *Foster*, 554 F.3d at 814 (citing *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Deliberate indifference is itself a two-part inquiry. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." *Id.* (citing *Farmer*, 511 U.S at 844). Plaintiff's Complaint satisfies neither part of the two-part inquiry under the subjective analysis.

As to the first part of the inquiry, there are no facts alleged that would suggest prison officials were aware of a substantial risk of harm to Plaintiff. Plaintiff alleges Melendez asked him after he had been on the diet one day "how [he] was doing, smiled at [him], and said only eight more days to go." (Compt. at 3.) This suggests Melendez knew Plaintiff was on the special diet and would be for the next eight days, but there is no indication he was aware of a substantial risk to Plaintiff in being on the diet. The Complaint also alleges Plaintiff was told by someone that only Melendez could take him off the diet and Melendez told him to "deal with it." (Compl. at 6.) The Court can infer from this that Plaintiff complained to Melendez and someone else about being on this diet. However, there are no allegations in the Complaint indicating what he told prison staff or Melendez that would have made them aware he was at substantial risk harm. The Court cannot infer Plaintiff told them something that created awareness. Additionally, Plaintiff has not alleged "very obvious and blatant circumstances indicating that the prison official knew the risk existed." *Foster*, 554 F.3d at 814 (finding complete denial

of meals, sometimes two per day, over 23 days was sufficiently obvious). The only possible indicator that Plaintiff was suffering any harm is the allegation that he lost weight, but there are no allegations that would suggest anyone other than Plaintiff would have been aware of that loss. Additionally, given a disciplinary diet provided only two times a day is recognized and even specified for inmates under certain circumstances, the provision of a twice-a-day diet alone would not have alerted Defendants to a substantial risk of serious harm to Plaintiff's health or safety when provided for such a short period of time. Plaintiff would need to allege something that would have alerted Melendez that Plaintiff was facing some substantial risk in being placed on or continuing on this diet.

As to the second part of the inquiry, "no 'reasonable' justification for the deprivation, in spite of that risk," *Thomas*, 611 F.3d at 1150, the only allegations giving any indication why Plaintiff was placed on this diet do not suggest there was no reasonable justification for the diet. They actually suggest the opposite. The Complaint indicates that Plaintiff refused to participate in a hearing for a violation (being out of his cell) and he was then put on this diet. (Compl. at 3.) Plaintiff also alleges that Melendez made the comment that Plaintiff was going to have a real bad week right after Plaintiff's refusal to participate in the hearing. (*Id.*) These allegations might suggest Plaintiff was put on the diet for disciplinary reasons which could be a reasonable justification for the diet. And, although Melendez's taunting comment may be unprofessional, it alone does not suggest he "deliberately disregarded the risk," assuming there was one.

The allegations of the Complaint do not state a sufficiently serious deprivation that Defendants were aware of and disregarded without any reasonable justification.

C. **Fair Notice of Basis for Claims**

Defendants additionally assert that Plaintiff's Complaint is deficient for failing to allege the dates when Plaintiff was allegedly placed on the special diet. (Mot. at 5-6.) They explain that it is impossible for Defendants to assess whether Plaintiff exhausted his administrative remedies or if Plaintiff's claims may be barred by a statute of limitations

8

16CV3026 JAH (BGS)

without knowing when the conduct alleged occurred.[4] (*Id.*)  Plaintiff is not required to plead around anticipated affirmative defenses.  *U.S. v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993); *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2nd Cir. 2007); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).  However, allegations in a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Star v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Plaintiff has not even alleged the year in which this happened.  Defendants are entitled to know when the events described occurred to effectively defend themselves against Plaintiff's claim.  Plaintiff must allege the dates when the events allegedly occurred.[5]

### D. Exhaustion of Administrative Remedies

Defendants argue Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act ("PLRA"), as to the claim he asserts in this case.  (Mot. at 4-5.)  However, "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'"  *Albino v. Baca*, 747 F.3d

---

[4] Defendants also argue Plaintiff's claim "*[m]ay* be barred by the statute of limitations." (Mot. at 6 (emphasis added).)  However, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  That is not the case here because there are not dates to disclose it on the face of the Complaint.

[5] As explained below in considering leave to amend, Plaintiff includes new allegations in his Opposition.  As Defendants accurately point out in their Reply, one of those allegations suggests that Plaintiff may not have been on the diet for 9 days, but rather was on it, taken off it at the demand of a trial judge, and then put back on it.  Given this apparent inconsistency with the existing allegations, dates when the events alleged occurred are particularly important.

1162, 1166 (9th Cir. 2014) (en banc) (quoting *Jones v. Block*, 549 U.S. 199, 204 (2007)).[6] It should normally be raised through a summary judgment motion under Rule 56. *Id.* "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.*

Here, Plaintiff's Complaint checks ofF a box for "No" in response to the question, "have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above?" (Compl. at 6.) However, the Complaint goes on to explain, in response to the same question just below this box, that when Plaintiff tried to exhaust his claim, he was told there was nothing anybody could do, that Melendez had placed Plaintiff on the diet, and that he was the only one that could take him off of it. (*Id.*) Plaintiff additionally alleges when he tried to reach out to Melendez he responded "deal with it." (*Id.*)

"[T]he PLRA requires only that a prisoner exhaust available administrative remedies, and that a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being hearing in federal court." *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015). Administrative remedies have been found effectively unavailable based on the mistake of a Warden, improper screening of a grievance, where a jail did not inform a prisoner of the process to file a complaint even after repeated requests, and based on a threat of retaliation for reporting an incident. *Id.* at 986-87 (summarizing cases).

Although it is not entirely clear under the precedent set forth above that Plaintiff's current allegations would render administrative remedies effectively unavailable, this is not one of the rare instances when failure to exhaust is clear on the face of the Complaint. Defendants are not entitled to dismissal under Rule 12(b)(6) based on failure to exhaust

---

[6] *Albino v. Baca* was a significant change in the law in this Circuit. The en banc court rejected the "unenumerated 12(b) motion" previously used to raise exhaustion, describing it as "an 'unenumerated' (that is, non-existent) rule." 747 F.3d at 1166.

10

16CV3026 JAH (BGS)

administrative remedies. However, the Court recommends that denial be without prejudice to raising the issue in a motion for summary judgment under Rule 56.

### E. Qualified Immunity

Defendants argue they are entitled to qualified immunity because the Disciplinary Separation Diet Plaintiff was served was authorized under California Code of Regulations, Title 15 section 1247 and Plaintiff's allegations are consistent with such a diet. (Mot. at 9.) However, as explained above, while the Court can take judicial notice of the existence of that regulation, the Court cannot find the food Plaintiff was actually served conformed to this regulation at this stage of the case. The substance of the food actually served is currently beyond the four corners of the complaint. *Lee*, 250 F.3d at 688 (finding court's review on a motion to dismiss under Rule 12(b)(6) is limited to the allegations of the complaint); *see also Foster*, 554 F.3d at 813 n.2 (presuming the prisoner's single meals were inadequate on summary judgment when the nutritional values of the meals was not in the record). Defendants are not entitled to qualified immunity at this stage on this basis, however, that does not preclude Defendants from raising it in response to an amended pleading or on summary judgment.

### F. Conclusion

The Court finds Plaintiff's Complaint fails to state a claim under § 1983. As pled, Plaintiff has not alleged facts from which the Court can infer he suffered a serious deprivation or that Defendants were aware of a substantial risk of harm to Plaintiff. Additionally, Plaintiff has failed to identify when the events described in the Complaint occurred specifically enough for Defendants to effectively defend themselves.

## II. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v.*

11

16CV3026 JAH (BGS)

*Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Here, there has been no undue delay, bad faith, or dilatory motive. It does not appear there would be any undue prejudice to any defendants. And, there have been no repeated failures to cure deficiencies by previous amendments. This would be Plaintiff's first attempt to amend his Complaint. The only basis for denying leave to amend would be the futility of amendment.

Plaintiff asserts new allegations in his Opposition to the Motion to Dismiss. He claims that the tried to eat the food, but "could not keep it down. I would throw it back up." (Opp'n at 1.) He also alleges that he could not sleep and his condition "got so bad Judge Raymond [illegible] my trial. Judge called the jail. They put me back on normal food and as soon as my trial was done, I went right back on the brick diet." (*Id.*) Plaintiff also alleges his food "was not even cooked" and "served raw." (*Id.* at 2.)

As noted above, to the extent Plaintiff is only alleging he was placed on a disciplinary diet that he did not like by a rude correctional officer, he is not likely to succeed in amending. Additionally, the Court cannot say that the addition of only the allegations set forth in Plaintiff's Opposition would save Plaintiff's claim, particularly as to the subjective prong of the § 1983 analysis. However, Plaintiff has not had any opportunity to address any deficiencies identified by the Court. Given all the other factors weigh in favor of amendment and it is not clear that amendment would be futile, the Court **RECOMMENDS** Plaintiff be given leave to file an amended complaint.

## CONCLUSION

The Court submits this Report and Recommendation to United States District Judge John A. Houston. For the reasons outlined above, **IT IS RECOMMENDED** that the Court **GRANT** Defendants' Motion to Dismiss and **GRANT** Plaintiff leave to file an amended complaint.

**IT IS HEREBY ORDERED** that any party to this action may file written

objections with the Court and serve a copy on all parties **no later than February 27, 2018.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties **no later than March 6, 2018.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: February 8, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge